

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. W. P. Herms, Jr.
County Auditor
Waller County,
Hemstead, Texas

Dear Sir:

Opinion No. O-6367
Re: How many deputy sheriffs
can be appointed in Waller
County to be paid by war-
rant on county funds and
such salaries chargeable
to the sheriff?

We have received your recent opinion request, quoted
as follows:

"The question has arisen as to the number of
sheriff's deputies which can, by request of the
sheriff, be appointed by the Commissioners' Court
and paid by Waller County.

"This county is on a fee basis, and contem-
plates appointing 3 deputies, to be paid by war-
rant by the County, and chargeable to the sheriff
on his annual report.

"I shall appreciate your opinion regarding
the number of deputies which can be so appointed
and paid by Waller County."

Waller County has a population of 10,280 according to
the 1940 Federal Census.

In counties operating on a fee basis, Article 3891,
Vernon's Annotated Civil Statutes, provides for the payment of
compensation of certain officers, their assistants and deputies
and other disposition of fees, as follows:

"Each officer named in this chapter shall first
out of the current fees of his office pay or be
paid the amount allowed him under the provisions of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hn. T. P. Herms, Jr., page 2

Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). . . ."

The Sheriff is one of the officers named in the Chapter containing the above Article.

Art. 3883, V. A. C. S., provides, in part, as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows: 1. In counties containing twenty five (25,000) thousand or less inhabitants: . . .Sheriff . . . . Twenty-four Hundred ($2400.00) Dollars . . ."

Article 3902, V. A. C. S., in regard to the number of deputies that may be appointed and the amount of salaries to be allowed them, provides in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners'

Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each. . . ."

Art. 6869, V. A. C. S., provides as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and

Hon. W. P. Herms, Jr., page 4

such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office. An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff. Provided further, that if in the opinion of the Commissioners' Court fees of the sheriff's office are not sufficient to justify the payment of salaries of such deputies, the Commissioners' Court shall have the power to pay the same out of the General Fund of said county." (Underscoring ours).

Article 6869, supra, was enacted in its present form by amendment in 1929, while Art. 3902, supra, was enacted in its present form by amendment in 1939. As they are in "Pari Materia" they are to be construed together except where in conflict with each other. Where in conflict, as they are in respect to the limitation placed by said Art. 6869 on the number of deputies allowed, the later enacted statute (Art. 3902) will control. In other respects not conflicting, such as the provisions of said Art. 6869, underscored by us herein, said Article 6869 is applicable.

Therefore, it is our opinion that as many deputy sheriffs may be appointed in Waller County as in the discretion of the Commissioners' Court may be proper; the salaries of such deputies are to be determined as provided by said Art. 3902; and they cannot be paid other than from fees of office as provided in said Art. 3891, unless in the opinion of the Commissioners' Court fees of the sheriff's office are not sufficient to justify the payment of salaries of such deputies, then, in that case, the Commissioners' Court shall have the power to pay the same out of the General Fund of Waller County.

We find no statute authorizing the salaries paid out of the General Fund to be charged against the sheriff. Article 6869, supra, authorizes the payment of deputies out of the General

Hon. W. P. Herms, Jr., page 5

Fund of the county only when the Commissioners' Court is of the opinion that the fees of the sheriff are not sufficient to justify the payment of the deputies. This statute does not contemplate that the compensation paid to the deputies out of the General Fund in accordance therewith shall be charged against the sheriff. The purpose of the statute is to enable the sheriff to have a sufficient number of deputies to perform the duties of his office. If your Commissioners' Court contemplates advancing money to the sheriff to pay the compensation of three deputies for which he must account in his annual report, you are advised that such advancement is not authorized by either Article 6869 or any other statute known to us.

Trusting the above fully answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*
Robert L. Lattimore, Jr.
Assistant.

RLL:rt

